WESLEY E. JACKSON

*v.*

JOHN A. BATEMAN.

*Opinion filed June 19, 1899.*

APPEALS AND ERRORS—*when Supreme Court must affirm.* The Supreme Court must affirm where only errors of fact are assigned but no question of fact is presented in the record, owing to the bill of exceptions having been stricken from the files because not certified to by any judge.

APPEAL from the County Court of Clay county; the Hon. PARKE HUTCHINSON, Judge, presiding.

ROSE & DILLMAN, SOL T. FINCH, and HOFF & HOFF, for appellant.

R. S. REAUGH, H. W. SHRINER, and E. S. BOYLES, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

At the general election held in Clay county on the eighth day of November, 1898, the appellant was a candidate for the office of county clerk on the democratic ticket and the appellee was a candidate for the same office on the republican ticket. From the face of the returns as declared and certified by the canvassing board the appellant received 1995 votes as such candidate and the appellee received 1994 votes, and a certificate of election was issued to the appellant. The appellee filed a

petition in the county court of Clay county praying for a re-count of the ballots of the various voting precincts, which was ordered to be had. On the re-count as made it was found by the court that at said election the appellee (the petitioner and contestant) received 2009 votes and the respondent (the appellant here) received 1988 votes. It also appeared that at said election one Andrew J. Long was a candidate for the same office and received 55 votes. The court thereupon found that John A. Bateman, the petitioner and contestant, received the highest number of votes for the said office of county clerk, and it was ordered, adjudged, decreed and declared by the court that he was elected to said office and entitled to all the rights and privileges thereto pertaining. To the finding and judgment of the court the respondent, Wesley E. Jackson, duly excepted and prayed an appeal to this court, which was allowed by the court. Subsequently, and at the February term, 1899, of this court, a motion was made to strike from the record of this court the certificate of evidence or bill of exceptions attached thereto. On an examination of the bill of exceptions or certificate of evidence it was found that the same was not certified to by any judge as presiding on the hearing of such trial, and the motion to strike the same from the record was allowed.

In the condition of the record no question of fact is presented, and by the assignment of errors no question is sought to be raised except questions of fact. There is therefore nothing before us for adjudication, as the record proper only presents the summons, petition, answer and judgment of the court.

The judgment of the county court of Clay county is therefore affirmed.

*Judgment affirmed.*